Frank A. Gullotta, J.
This is a motion for summary judgment hy the plaintiff in an action for a declaratory judgment, brought by an assured against his insurance company, to have it determined that he has a right to hire attorneys at defendant’s expense to defend an action brought against him arising out of the operation of an automobile, which is insured hy defendant, Allstate Insurance Company.
It appears that plaintiff’s car was involved in an accident on January 23, 1957 with two other cars, one owned by William Page and the other hy Leonard Weinstein. A number of law suits resulted of which there survive at this time, a suit hy Hoffman against Page and another by Catherine Roegel, who was a passenger in the Hoffman car, against both Hoffman and Page.
The defendant insurance compauy insures both Hoffman and Page and in compliance with its policies, has hired counsel to represent them, in each case, they being independent firms of attorneys, not in the general employ of defendant.
Plaintiff claims that there is a conflict of interests in that defendant has hired both his attorney and Page’s attorney to defeat Roegel, hut that it is equally interested in defeating his action against Page. Of course he has hired his own attorney as plaintiff in that suit, hut he claims that he should also have the right to pick his defense attorneys, since they necessarily come into full knowledge of his side of the case, and they have a divided loyalty to both him and the company, which might prove prejudicial to him.
This presents some interesting problems, but the stumbling block which immediately presents itself to the court is that defendant’s entire obligation to the plaintiff stems from the insurance contract, and essentially what is proposed is that the court rewrite that contract.
Although situations such as this are of fairly frequent occurrence, to the present nothing has been done officially to cope *585 with them. Theoretically both sides are free to contract on such terms as they see fit. However, one would have to be naive to think that an individual assured would get very far in inducing a company to change its insurance policy so as to confer increased individual privileges on the policyholder, but it certainly is a matter which should have the attention of the Legislature.
If the court were to intervene and arbitrarily confer on the assured the right to select counsel, while the insurance company remains liable for any judgment that may be recovered, it would be merely substituting one injustice for another.
Lawyers like other toilers in the vineyard of life, have varying skills, experience and aptitudes, although they may all have the same official standing as regards their right to practice.
It is within the realm of possibility that an insurance company might be asked to entrust the defense of a case in which it has a $300,000 exposure, to one about to try his first case, because an assured has selected him for that task.
Speaking of divided loyalty, it is not hard to imagine a case where an assured’s other interests make it more to his financial advantage to lose a case, than to win it.
The Supreme Court of California in the case of O’Morrow v. Borad (27 Cal. 2d 794) seems to have arrived at the conclusion urged by plaintiff here, on grounds of public policy, though it was conceded there, that that would be a more usual ground for avoiding a contract, than reforming it.
Our own Court of Appeals in Prashker v. United States Guar. Co. (1 N Y 2d 584) by way of dictum at page 593 commented as follows: “ The objection taken by the insurance company is without substance that it would subject to divided loyalty any attorneys who might defend the action, in that their duty to the assureds would be to endeavor to defeat recovery on any ground, whereas their duty to the insurance company would be to defeat recovery only upon such grounds as might render the insurance company liable. If any such conflict of interest arises, as it probably will, the selection of the attorneys to represent the assureds should be made by them rather than by the insurance company, which should remain liable for the payment of the reasonable value of the services of whatever attorneys the assureds select.”
However, the context in which this expression was used indicates that the ultimate liability of the insurance company, for any judgment which might be recovered, would be left for a future action in which the company would be represented by attorneys of its own choosing.
*586 This is by far a more important consideration than liability for attorneys’ fees, which, if reasonable in amount, should be a matter of indifference to the insurance carrier, and yet the California court takes this step too, with little or no discussion.
For the reasons indicated plaintiff’s motion is denied, and since there is no issue to be tried, judgment will be granted in favor of the defendant, without costs. This may be done even in the absence of a cross motion therefor. (See Rules Civ. Prac., rule 113, subd. 2, as amd. eff. March 1, 1959.)
Short-form order signed.