■ TRACEY M. LEWIS et al., Appellants, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant. [609 NYS2d 106] —Mercure, J. Appeals (1) from an order of the Supreme Court (Ellison, J.), entered December 16, 1992 in Chemung County, which granted defendant Nationwide Mutual Insurance Company's motion for summary judgment dismissing the complaint and all cross claims against it, and (2) from the judgment entered thereon.

Defendant Nationwide Mutual Insurance Company (hereinafter Nationwide) issued an insurance policy on a 1985 Chevrolet pickup truck owned by plaintiff Tracey M. Lewis (hereinafter Lewis). On May 7, 1988, Lewis' husband, plaintiff George Lewis, was operating the vehicle when it struck and killed William Dougherty (hereinafter decedent) in the Town of Wellsburg, Chemung County. Apparently because Lewis' husband was en route to a rendezvous with another woman and did not want his wife to know that he had been in the Town of Wellsburg, he told Lewis that he had struck a deer in the

Town of Horseheads, Chemung County. Lewis reported this version of the incident to Nationwide's agent on May 9, 1988. Nationwide paid Lewis' claim for damages to the pickup truck. Following a trial in January 1989, Lewis' husband was convicted of leaving the scene of an incident without reporting (see, Vehicle and Traffic Law § 600 [2] [a]; *People v Lewis,* 162 AD2d 760, *lv denied* 76 NY2d 894). Plaintiffs then informed Nationwide that the accident involved a pedestrian rather than a deer.

Defendant Matthew Dougherty (hereinafter Dougherty), as administrator of decedent's estate, thereafter commenced a wrongful death action against Lewis' husband. Nationwide disclaimed responsibility to defend or indemnify plaintiffs from the lawsuit because of plaintiffs' failure to provide prompt notice of the accident and to cooperate. Plaintiffs, in turn, commenced an action against Nationwide for declaratory relief to determine the rights of the parties with respect to insurance coverage and for money damages arising out of Nationwide's failure to defend against Dougherty's action. Dougherty also commenced an action against Nationwide. Supreme Court dismissed Dougherty's claims and cross claims pursuant to CPLR 1021 and then granted Nationwide's summary judgment motion and dismissed the complaint as moot. Plaintiffs now appeal from the order granting summary judgment and the judgment entered thereon.

Initially, we agree with plaintiffs that, because they incurred counsel fees in their defense before the dismissal of Dougherty's claim, the controversy between the parties was not moot and summary judgment should not have been granted on that basis. Rather, it is our view that, because plaintiffs failed to overcome Nationwide's prima facie showing that it properly disclaimed coverage (see, *Zuckerman v City of New York,* 49 NY2d 557, 562), Supreme Court should have granted Nationwide summary judgment on the merits. Clearly, the failure to give proper notice and the failure to cooperate vitiates the policy and entitles the insurer to disclaim any liability to defend (see, *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Losi v Hanover Ins. Co.,* 139 AD2d 702, *appeal dismissed* 72 NY2d 950; *State Farm Mut. Auto. Ins. Co. v Brown,* 21 AD2d 742; *National Grange Mut. Liab. Co. v Fino,* 13 AD2d 10; 70 NY Jur 2d, Insurance, § 1595, at 586).

Here, the record is replete with admissions that plaintiffs, with knowledge of the actual state of events, deliberately misrepresented not only the location of the accident but the

fact that it involved a pedestrian and not a deer. Nor have plaintiffs offered any evidence that Nationwide received notice of the true facts from any source. Furthermore, the criminal conviction of Lewis' husband for leaving the scene of an incident serves to collaterally estop plaintiffs on the issue of whether Lewis' husband had knowledge that the accident caused personal injury to another person (cf., *Vavolizza v Krieger,* 33 NY2d 351, 356). The other contentions of the parties are either meritless, academic or not preserved for our review.

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as dismissed the complaint as moot; defendant Nationwide Mutual Insurance Company's motion for summary judgment is granted, and it is declared that Nationwide had no obligation to defend, indemnify or reimburse plaintiffs in the underlying action; and, as so modified, affirmed.