■ LAWRENCE D. FLOWERS, Plaintiff, v KG LAND NEW YORK CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. LAQUILA CONSTRUCTION, INC., Third-Party Defendant-Respondent. [631 NYS2d 177] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their letter dated April 21, 1995, from (1) so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dunkin, J.), dated October 21, 1993, as granted the branch of the third-party defendants' motion for summary judgment dismissing the third-party complaint insofar as it seeks indemnification on behalf of Liberty Mutual Insurance Company, and (2) an order of the same court,

dated March 11, 1994, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated March 11, 1994, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment dated October 21, 1993, is reversed insofar as appealed from, on the law, the branch of the third-party defendants' motion which is for summary judgment dismissing the third-party complaint insofar as it seeks indemnification on behalf of Liberty Mutual Insurance Company is denied, and the third-party complaint is reinstated to the extent that it seeks indemnification on behalf of Liberty Mutual Insurance Company; and it is further,

Ordered that the appellants are awarded one bill of costs.

The third-party defendant LaQuila Construction, Inc. (hereinafter LaQuila), obtained a liability insurance policy with National Union Fire Insurance Company of Pittsburgh, Pa (hereinafter National Union), insuring it and naming as additional insureds the third-party plaintiffs KG Land New York Corporation (hereinafter KG Land) and Turner Construction Company (hereinafter Turner). KG Land and Turner were also insured under a separate policy obtained by Turner and issued by Liberty Mutual Insurance Company (hereinafter Liberty Mutual).

In January 1988 the plaintiff, Lawrence Flowers, an employee of LaQuila, was injured during the course of his employment at a site owned by KG Land. Turner, who had contracted with KG Land to construct a building at the site, had subcontracted the excavation and foundation work to LaQuila. After Flowers commenced a negligence action against KG Land and Turner, they in turn brought a third-party action against LaQuila for contractual indemnity, common law indemnity, and contribution. Thereafter, LaQuila successfully moved for summary judgment dismissing the third-party complaint. We reverse the order and judgment insofar as appealed from and reinstate the third-party complaint insofar as it seeks indemnification on behalf of Liberty Mutual.

Initially, we note that the appellants have withdrawn their arguments concerning the question of whether National Union could seek indemnification from LaQuila. Accordingly, the issue of the dismissal of the third-party complaint insofar as it sought indemnification on behalf of National Union is no longer before us. The only issue left to be resolved, therefore, is whether the antisubrogation rule *(see generally, North Star Reins. Corp. v Continental Ins. Corp.,* 82 NY2d 281) bars the

third-party complaint to the extent that it seeks indemnification on behalf of Liberty Mutual.

Succinctly stated, the antisubrogation rule provides that an insurance carrier cannot recover from its own insured for the very risk for which the insured was covered *(North Star Reins. Corp. v Continental Ins. Co., supra; Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 471). Here, it is undisputed that LaQuila is not covered under the Liberty Mutual policy obtained by Turner for the benefit of KG Land and itself. Accordingly, Liberty Mutual is not seeking a right of subrogation against its own insured, and the antisubrogation rule does not apply *(see, United States Fid. & Guar. Co. v CNA Ins. Cos.,* 208 AD2d 1163; *Fashion Tanning Co. v Fulton County Elec. Contrs.,* 142 AD2d 465). Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.