■ MITCHELL Y. .PINE, Appellant, v COPPOLA N.Y.C., INC., Respondent, et al., Defendants. [749 NYS2d 414] —Order, Supreme Court, New York County (Walter Tolub, J.), entered December 28, 2001, which, to the extent appealed from, in this action to enforce the terms of a settlement agreement, granted defendant-respondent's motion to dismiss the complaint, unanimously affirmed, without costs.

In view of the documentary evidence establishing that plaintiff breached the parties' settlement agreement by failing to timely return certain records to defendant-respondent and by failing to secure reregistration of Internet domain name Petercoppola.com, plaintiff, pursuant to the agreement's express terms, forfeited any right to payment thereunder. Plaintiff's complaint, seeking to recover proceeds allegedly due plaintiff pursuant to the agreement, was thus properly dismissed (*see* CPLR 3211 [a] [1]). Plaintiff's argument that he substantially complied with the settlement agreement is not properly presented for the first time on appeal (*see Devlin v Video Servs. Acquisition*, 188 AD2d 370), and would, in any event, be unavailing since the equitable doctrine of substantial compliance may not be employed effectively to nullify express

conditions of contract performance such as those contained in the subject settlement agreement (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690, 693). Concur—Williams, P.J., Nardelli, Rosenberger, Ellerin and Lerner, JJ.