■ GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA et al., Appellants, v METROPOLITAN STEEL INDUSTRIES, INC., Respondent. [780 NYS2d 128]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about September 8, 2003, which, upon the parties' respective motions for summary judgment, declared that plaintiff insurers are obligated to defend and indemnify defendant insured in an underlying action for breach of a construction contract, unanimously affirmed, without costs.

Plaintiffs will not be heard to argue that the subject "builder's risk" policy provides only first-party coverage for damage to specified property, not third-party liability coverage for breach of contract claims, where they undertook the defense of the underlying action for breach of contract without reserving their right to assert noncoverage, and defendant as a result lost control of its own defense (*see Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980]). We reject plaintiffs' argument that estoppel cannot be applied to create coverage where none exists, where, as here, the insured was covered by the policy at the time of the loss (*compare Wausau Ins. Cos. v Feldman*, 213 AD2d 179, 180 [1995]; *Nassau Ins. Co. v Manzione*, 112 AD2d 408, 409 [1985]), albeit perhaps not for the type of loss claimed, and lost control of its defense in reliance upon the insurer having undertaken its defense without a reservation of rights (*cf. Schiff*, 51 NY2d at 700; *see Wainwright v Charlew Constr. Co.*, 302 AD2d 784, 785 n 1 [2003]). Defendant sufficiently demonstrates that plaintiffs imposed a posture and strategy on the underlying ac-

tion that it cannot now alter, and that its ability to control the defense of the underlying action was otherwise prejudiced by plaintiffs' delay in disclaiming until that action was well underway. Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.