[807 NYS2d 62]

FEDERATED DEPARTMENT STORES, INC., et al., Respondents, v TWIN CITY FIRE INSURANCE COMPANY, Appellant, et al., Defendants.

First Department, January 5, 2006

### APPEARANCES OF COUNSEL

*Goldberg Segalla LLP*, Buffalo (*Thomas F. Segalla* and *Kevin T. Merriman* of counsel), for appellant.

*Herzfeld & Rubin, P.C.*, New York City (*David B. Hamm* of counsel), for respondents.

### OPINION OF THE COURT

SULLIVAN, J.

The issue on appeal is whether a liability insurer's 20-month predisclaimer defense of an insured without a reservation of rights is sufficient, without any further showing, to support a rejection, on the basis of equitable estoppel, of the insurer's disclaimer.

Defendant Twin City Fire Insurance Company issued a general liability insurance policy to defendant Jones Apparel Group, the parent company of Polo Jeans Company, for the period April 1, 1999 to April 1, 2000. The coverage question presented by this declaratory judgment action arises in the context of an underlying action against plaintiff Federated Department Stores, doing business as Macy's, for an accident that occurred on April 30, 1999 in a Macy's department store when a customer (the plaintiff in that action), attempted to remove a pair of Polo brand jeans from a shelf in a Polo Jeans "vendor shop" located within the store and was injured when the shelf collapsed onto her foot.

A vendor shop is a small specialty shop within a larger department store displaying merchandise furnished solely by the manufacturer or distributor of an established brand name. As the record demonstrates, there were a series of "arrangements" by Polo Jeans and Jones to install vendor shops in Federated stores. According to Federated/Macy's, at all relevant times, all of its vendor shops were subject to one of three forms of written agreements, each requiring that the vendor and/or its contractor procure insurance covering Federated/Macy's and indemnify it for any injuries arising out of the display. Under the Twin City policy issued to Jones, an additional insured is defined to include "any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance such as is afforded under this policy."

Upon the commencement of the underlying action, Federated/Macy's retained the law firm of Lester Schwab Katz & Dwyer to represent it. Initially, Lester Schwab mistakenly sent notice of the action to Polo/Ralph Lauren, which, having no relationship to Polo Jeans, forwarded the pleading to Jones with notice to Lester Schwab. The latter, after first communicating with Polo Jeans on January 25, 2001, wrote to Jones on February 7, 2001, requesting a defense and indemnification under its written agreement with Federated/Macy's as well as a copy of its liability policy. Under the purported Jones/Federated agreement, according to Lester Schwab, Jones was required to procure and maintain a liability policy naming Federated/Macy's as an additional insured. Jones forwarded the summons and complaint in the underlying action to defendant Specialty Risk Services (SRS), its claims administrator.

By letter dated February 12, 2001, SRS, on behalf of Twin City, accepted Lester Schwab's tender and, without any reservation of rights, agreed "to pay for the defense and indemnification of [Federated/]Macy's, contingent upon your office's cooperation." In the same letter, SRS requested copies of all pleadings and significant correspondence in Lester Schwab's file, and that it be furnished with copies of all future documentation, pleadings and correspondence. It also requested that Lester Schwab complete a "litigation strategy and budget form." In addition, SRS asked Lester Schwab to remain as defense attorneys in the underlying action, to which request the latter agreed with the understanding that "all future defense costs be billed to [SRS] for payment by [the insurer]."

On March 8, 2001, SRS wrote to Lester Schwab regarding a prior conversation about the institution of a third-party action against two specified contractors and advised, "[P]lease immediately take the appropriate steps to join both of those entities . . . into the litigation." As SRS explained, any potential liability should rest with the two contractors—the supplier and installer, respectively, of the shelves—and not Polo Jeans, which was, according to SRS, "merely a passive player in the chain of commerce." Twin City continued to provide a defense to Federated/Macy's, and for the next year and a half, through SRS, participated in the litigation.

According to Jones, despite repeated requests, Lester Schwab failed to provide SRS with the contracts containing Jones's purported agreement to procure insurance coverage for Federated/Macy's. In April 2001, Federated provided as evidence

of such an agreement a copy of an August 18, 1998 letter from Polo Jeans to Macy's detailing the responsibilities connected with a store build-out. There is no reference in the letter to any insurance procurement obligation or indemnification agreement by Jones. On October 2, 2002, Lester Schwab forwarded two documents to SRS—a "Letter of Intent for 2000" and a second copy of the aforementioned August 18, 1998 letter—apparently purporting to evidence the contract between Jones and Federated/Macy's. The letter of intent did not contain the agreement claimed.

Noting that it had requested—and Federated had failed to produce—the contract requiring Polo to defend and indemnify Federated, Twin City, on October 18, 2002, disclaimed coverage and withdrew its defense of Federated/Macy's in the underlying action. In subsequent correspondence to Lester Schwab supplementing the disclaimer, SRS stated, "As you are aware, Twin City responded to the tender on February 12, 2001 [and agreed to coverage b]ased upon Federated's express representations regarding the existence of an agreement between Federated and Polo." In addition, the letter stated, "On numerous occasions, Twin City has requested that Federated produce a copy of the purported agreement referenced in the January 25, 2001 letter. Despite repeated requests, Federated has failed to produce this agreement. Moreover, our insured has been unable to locate any agreement and, in fact, is unaware of the existence of any such agreement."

Since the disclaimer, Lester Schwab has continued its representation of Federated/Macy's in the underlying action and, on behalf of Federated/Macy's, commenced this declaratory judgment action against Twin City, SRS and Jones Apparel, asserting that Twin City is estopped from denying coverage to Federated/Macy's because it assumed its defense without a reservation of rights. The claim against Jones is based on its alleged breach of the indemnification provision of the purported contract with Federated/Macy's.

Twin City and SRS, as well as Jones, each moved for summary judgment dismissing the complaint. Twin City/SRS sought a declaration that the disclaimer was valid. In support of its motion, Jones submitted, inter alia, the affidavit of its director of business analysis, who conducted a survey of Jones's records and concluded that "there exists no agreements [*sic*] that require Jones . . . to defend and/or indemnify [Federated/ Macy's]" with respect to the underlying action. Federated/

Macy's cross-moved for summary judgment declaring that Twin City was obliged to defend and indemnify it under the policy issued to Jones with respect to the underlying action.

Insofar as relevant to this appeal, Supreme Court denied the Twin City/SRS motion and granted the Federated/Macy's cross motion, finding that Twin City, having assumed Federated's defense without a reservation of rights, was equitably estopped from disclaiming coverage, and declaring that Twin City was obliged to defend and indemnify Federated/Macy's in the underlying action. In concluding that Twin City was equitably estopped from disclaiming coverage, the court held that prejudice to an insured may be presumed where an insurer assumes the defense and the insured, in reliance thereon, loses the right to control its own defense. Twin City appeals. We reverse.

It is well settled that "when an insurer defends an action on behalf of an insured, in his stead, with knowledge of facts constituting a defense to the coverage of the policy, it is thereafter estopped from asserting that the policy does not cover the claim" (*O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355 [1957]). By the same token, however, an insurer should not be charged with the obligation to reserve its rights against unknown policy defenses. As one commentator has noted,

> "A delay in giving notice of reservation of rights will be excused where it is traceable to the insurer's lack of actual or constructive knowledge of the available defense, especially where, in addition to such lack of knowledge, the insurer is misled by misrepresentations into defending the suit. Accordingly, where the insurer does not have knowledge of the insured's breach until after the insurer has commenced the defense of the action, there is no estoppel through delay where the insurer gives prompt notice upon obtaining such knowledge" (14 Couch on Insurance 3d § 202:60 [2005]).

Here, there is no evidence in the record that Twin City was aware that Federated was not an additional insured under the Jones policy.

Insurers are not obligated to speculate about each and every conceivable defense to coverage at the time a defense is assumed in response to a tender. To impose such a burden would necessarily require that every defense of an insured be a conditional one, thereby thrusting unnecessary concern as well as initial expense upon the insured, i.e., the retention of

personal counsel, which, as subsequent events might very well show, was unwarranted.[1] Moreover, the imposition of such an obligation would take its toll on the insurer as well. In such a case, the insurer would lose control of the defense, a vital component of its policy protections, that is, the right to control its ultimate liability in any case (*see Hoffman v Allstate Ins. Co.*, 21 Misc 2d 583, 585 [1959]).

At the time Twin City accepted the tender of Federated's defense, it did not know, nor could it have known, that Federated was not an additional insured under its policy. It had no reason to know that Lester Schwab's assertion—that the Jones/Federated contract called for additional insured coverage for Federated/Macy's—was incorrect, and it was entitled to rely on the representations as to the existence of such a contract. The undocumented assertions contained in correspondence from a purported insured are sufficient to trigger the duty to defend without a corollary duty to investigate (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61 [1991]). The duty of good faith and fair dealing implied in every contract is an integral part of an insurance contract (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]). A policy's cooperation clause creates an obligation on the insured to provide correct information (*see Lewis v Nationwide Mut. Ins. Co.*, 202 AD2d 816 [1994]). Twin City did not have knowledge of facts justifying a disclaimer until Lester Schwab, for the second time, provided, as evidence of the contract, the patently insufficient August 18, 1998 letter from Polo Jeans to Macy's. Thus, Twin City learned that no contract existed between Federated/Macy's and Jones on or about October 2, 2002, after the second failed attempt by Federated/Macy's to provide the relevant contract, and promptly disclaimed coverage on October 18, 2002.

Even were we to accept the argument that Twin City had an obligation to reserve its rights when it assumed the defense of the underlying action, Federated/Macy's, contrary to Supreme Court's finding, is unable to establish a key element of common-law estoppel: prejudice caused by Twin City's allegedly belated disclaimer. The purpose of a reservation of rights is to prevent an insured's detrimental reliance on the defense provided by the insurer. The reservation is a sufficient preventative to reli-

---

1. Where an insurer defends under a reservation of rights, the insured is entitled to retain its own counsel (*see Prashker v United States Guar. Co.*, 1 NY2d 584, 593 [1956]; *see also Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401 [1981]; *cf. Singh v New York City Tr. Auth.*, 17 AD3d 262 [2005]).

ance even if the insurer later disclaims on a basis different from the ground originally asserted in the reservation of rights (*see Village of Waterford v Reliance Ins. Co.*, 226 AD2d 887 [1996]). Here, even though no reservation of rights notice was given, SRS requested Federated/Macy's to provide a copy of the contract requiring Jones to procure insurance coverage for it, prompting Federated/Macy's to attempt, unsuccessfully on at least two occasions, to provide the purported contract. In fact, Federated/Macy's acknowledges on appeal that it has failed to provide the relevant contract. Thus, Federated/Macy's was always aware that Twin City required, and requested, formal documentation of its additional insured status under Twin City's policy, a status wholly dependent on the requested contract. Given such a background, Federated/Macy's could not have detrimentally relied on Twin City's defense.

Moreover, as a general rule, estoppel cannot be used to create coverage where none exists (*Sedgwick Ave. Assoc. v Insurance Co. of State of Pa.*, 203 AD2d 93 [1994]; *see also Wausau Ins. Cos. v Feldman*, 213 AD2d 179 [1995] [equitable estoppel inapplicable where policy not in effect at the time of the alleged malpractice despite fact that insurer, through clerical error, defended purported insured for nine years]). *Utica Mut. Ins. Co. v 215 W. 91st St. Corp.* (283 AD2d 421 [2001]), upon which Federated/Macy's relies, is not to the contrary. There, the insurer, which had defended an owner despite its nonlisting in the policy's additional insured endorsement, was equitably estopped from disclaiming coverage. The key to that holding was that the insurer certainly was in a position to know the owner was not an additional insured.

In support of its ruling that "equitable estoppel can apply to create coverage which the terms of the policy do not afford, at least where the policy was in effect when the claimant suffered loss or injury," Supreme Court cited this Court's decision in *General Acc. Ins. Co. of Am. v Metropolitan Steel Indus., Inc.* (9 AD3d 254 [2004]). There, the insured provided first-party coverage for damage to specified property, but not liability coverage for breach of contract claims. The insurer undertook the insured's defense when it was sued for breach of contract by a third party without any reservation of rights. *General Accident* is distinguishable on two bases: although not insuring third-party liability, the insurer did provide coverage to the insured, unlike here, where the purported insured is a stranger to the policy. Secondly, the insurer, with knowledge of the information

upon which it subsequently disclaimed, undertook the defense. That is clearly not the case here.

Supreme Court based its finding of estoppel on the erroneous premise that because Twin City controlled Federated's defense in the underlying action, prejudice is presumed. In so holding, the court cited *Bluestein & Sander v Chicago Ins. Co.* (276 F3d 119, 122 [2d Cir 2002]). Prejudice, however, is not uniformly presumed in such circumstances, and estoppel will lie only if the insured has demonstrated prejudice by the insurer's actions (*National Indem. Co. v Ryder Truck Rental*, 230 AD2d 720 [1996]; *see also General Acc. Ins. Co. of Am. v Metropolitan Steel Indus., Inc.*, 9 AD3d 254 [2004], *supra*). Prejudice is established only where the insurer's control of the defense is such that the character and strategy of the lawsuit can no longer be altered (*see e.g. United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp.*, 275 AD2d 977 [2000]).

Here, Lester Schwab represented Federated/Macy's before Twin City assumed responsibility for the defense. Lester Schwab continued the defense under Twin City and remained in control of the defense after its disclaimer. Indeed, as noted, even as Lester Schwab prosecutes the instant action on Federated/Macy's behalf, it continues the defense of the underlying action. Federated/Macy's shows no more than Twin City's requesting status reports, paying for a portion of its defense and authorizing the commencement of third-party claims to attempt to obtain indemnity from other parties—an effort that would benefit, not prejudice, Federated/Macy's. There is no showing of Twin City's control of the defense to the detriment of Federated/Macy's.

Contrary to Federated/Macy's claim, Twin City did not use confidential information acquired in its defense of the underlying action. Twin City discovered that there was no contract requiring Jones to procure liability insurance coverage through correspondence with Federated/Macy's, not through its defense of the underlying lawsuit. The nonexistence of that contract was not a confidential matter but, rather, a factual matter Federated/Macy's was bound to disclose in order to establish its right to coverage, as well as its claim for indemnity against Jones.

Nor did Twin City's assumption of Federated/Macy's defense in any way prejudice the latter's claim against Jones. Federated/Macy's argues that Twin City's defense impeded the assertion of a cross claim because of the bar of the antisubrogation rule

(*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). That argument is meritless. Federated/Macy's contractual indemnification claim against Jones was fully litigated with the instant motions and dismissed based on the lack of a showing of a contract. There can be no claim of prejudice when Federated/Macy's had an opportunity to litigate the issue fully and fairly. Moreover, the claim is exaggerated. The antisubrogation rule applies only to the policy limit of the common policy (*see White v Hotel D'Artistes*, 230 AD2d 657 [1996]). Thus, Federated/Macy's could have brought a cross claim for a defense and indemnification against Jones for any amount over the Twin City policy limit or for any amount covered by a separate policy (*id.*; *see Flowers v KG Land N.Y. Corp.*, 219 AD2d 579 [1995]).

One further matter requires comment. In a postargument submission, Federated/Macy's brings to our attention this Court's decision in *Travelers Indem. Co. of Am. v Royal Ins. Co. of Am.* (22 AD3d 252 [2005]), which, on a motion for summary judgment, upheld a claim for coverage based on an oral agreement to procure insurance (for up to one year) on the basis of additional insured policy language similar to that involved herein. Even assuming the propriety of the proposition that the additional insured provision in question extends to an oral agreement—a concept that we reject,[2] as Twin City properly points out—this issue was never raised in the complaint or on the motion before Supreme Court. It is raised for the first time on appeal and is directly contrary to Federated/Macy's arguments to the motion court and this Court. We reject it (*see Pine v Coppola N.Y.C.*, 299 AD2d 227 [2002]; *Devlin v Video Servs. Acquisition*, 188 AD2d 370 [1992]).

For all of the foregoing reasons, the Federated/Macy's claim of equitable estoppel is without merit.

Accordingly, the judgment of the Supreme Court, New York County (Helen E. Freedman, J.), entered November 24, 2004, insofar as it denied the motion of defendant Twin City Fire Insurance Company for summary judgment dismissing the complaint and granted plaintiffs' cross motion for summary

---

2. The policy language here is not identical to that in *Travelers*. The policy here included as additional insureds "any person or organization with whom you agreed, because of a written contract or agreement or permit, to provide insurance." This provision does not apply "[u]nless the written contract or agreement has been executed . . . prior to the [injury]." If nothing else, it is clear from the use of the word "executed" that a writing is required.

judgment declaring that Twin City is equitably estopped from denying coverage to plaintiffs, should be reversed, on the law, with costs and disbursements, the motion granted, the cross motion denied and a declaration made in favor of Twin City.

ANDRIAS, J.P., GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Judgment, Supreme Court, New York County, entered November 24, 2004, reversed, on the law, with costs and disbursements, defendant Twin City Fire Insurance Company's motion for summary judgment dismissing the complaint granted, plaintiffs' cross motion for summary judgment denied and a declaration made in favor of Twin City.