■ CITIZENS INSURANCE COMPANY OF AMERICA, Appellant, v ILLINOIS UNION INSURANCE COMPANY, Respondent, et al., Defendant. [964 NYS2d 131]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered May 10, 2012, which granted defendant Illinois Union Insurance Company's motion for summary judgment dismissing the complaint as against it, denied, in part, plaintiff's cross motion for summary judgment, and declared, among other things, that the limit of Illinois Union's indemnity obligation on behalf of Northside Tower Realty, LLC and Northside Tower Enterprises (Northside) for the underlying personal injury action was $100,000, unanimously affirmed, with costs.

Based upon the plain language of the Illinois Union insurance policy (see P.J.P. Mech. Corp. v Commerce & Indus. Ins. Co., 65 AD3d 195, 198 [1st Dept 2009]), the motion court properly found that the sub-limit endorsement contained in that policy, which only imposes conditions upon the "named insured," yet provides that coverage for "any such loss" will be reduced to $100,000 if the "named insured" breaches any of the conditions, also automatically will reduce the policy limit of an "additional insured." Even applying the separation of insureds doctrine, which provides that "each individual . . . insured although not named as an insured in the policy must be treated as if separately covered by the policy" (Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 124 [1959]), the sub-limit endorsement language still applies to all insureds, named or additional.

Citizens' argument, that under Insurance Law § 3420 (d), Illinois Union is estopped from relying on its sub-limit endorsement because of a purported delay in asserting same, is unavailing because there is no showing of prejudice to the insured by reason of the sub-limit (see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 38 [1st Dept 2006]). Here, Illinois Union provided Northside with a full defense in the underlying action and full payment of the sub-limit coverage, and there was no excess exposure to the insured because the Citizens coverage applied as excess and paid the balance of the settlement. There is no prejudice to additional insured Northside on these facts, and thus no basis for an estoppel. Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ.