Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 22, 2013, which, to the extent appealed from as limited by the briefs, granted defendant Utica First Insurance Company’s motion for summary judgment declaring that it is not obligated to defend and indemnify defendant Sinis Contracting, Inc. in the underlying personal injury action, denied plaintiff’s and Sinis’s motions for summary judgment declaring in their favor, and declared that Utica First has no obligation to defend and indemnify Sinis in the underlying action, unanimously affirmed, without costs.
The allegation in the underlying complaint and bill of particulars that defendant Sinis was the project general contractor contradicted the signed statement taken by Utica First of Sinis’s principal, on which Utica First was entitled to rely (see *521 Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 37 [1st Dept 2006]). Sinis’s principal’s own deposition testimony in January 2012 did not make clear whether Sinis was the general contractor for the entire project, including the exterior masonry work in which the underlying plaintiff, an employee of subcontractor Briga Landscaping, Inc., was engaged when he was injured, or for the interior work only, which included work done in the basement by Briga. It was only made clear in Sinis’s February 8, 2013 answer to the instant complaint that plaintiff, the owner of the project, hired Sinis as the general contractor for the entire project and that Sinis hired Briga to perform exterior masonry work, and again in an affidavit dated March 4, 2013 by Sinis’s principal, who stated that Sinis hired Briga as a subcontractor on the project.
Contrary to plaintiff and Sinis’s contention, equitable estoppel does not bar Utica First from relying on the policy exclusion on which it based its March 7, 2013 disclaimer. Although Utica First defended Sinis for two years, through the completion of discovery, there has been no disposition in the underlying action, and there is no evidence that the action is close to trial (see 206-208 Main St. Assoc., Inc. v Arch Ins. Co., 106 AD3d 403, 406 [1st Dept 2013]). Nor will estoppel be invoked simply because Utica First agreed to defend Sinis without reserving its rights (see Federated Dept. Stores, 28 AD3d at 36). Concur— Sweeny, J.E, Renwick, Moskowitz, Richter and Gische, JJ.