QBE Ams., Inc. v ACE Am. Ins. Co. (2018 NY Slip Op 06142)





QBE Ams., Inc. v ACE Am. Ins. Co.


2018 NY Slip Op 06142


Decided on September 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 20, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6961A 653442/13 6961

[*1] QBE Americas, Inc., et al., Plaintiffs-Appellants,
v
ACE American Insurance Company, et al., Defendants, Chartis Specialty Insurance Company, et al., Defendants-Respondents.


McKool Smith, P.C., New York (Kenneth H. Frenchman of counsel), for appellants.
Bressler, Amery & Ross, P.C., New York (Robert Novack of counsel), for Chartis Specialty Insurance Company, Illinois National Insurance Company and Lexington Insurance Company, respondents.
Ropers Majeski Kohn Bentley PC, New York (Amber W. Locklear of counsel), for Zurich American Insurance Company, respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 28, 2014, which, to the extent appealed from, denied without prejudice plaintiffs' motion for partial summary judgment seeking a declaration that defendants Chartis Specialty Insurance Co. and Illinois National Insurance Co. are obligated to pay their defense costs, unanimously affirmed, without costs. The matter is remanded for further proceedings consistent herewith. Order, same court and Justice, entered September 19, 2017, which denied plaintiffs' motion for partial summary judgment and granted the motions of Chartis, Illinois, and defendants Lexington Insurance Co. and Zurich American Insurance Co. for summary judgment dismissing the claims as against them, unanimously modified, on the law, to deny defendants' motions except with respect to American Residential Equities, LLC v GMAC Mtge., LLC; Bainum v Bank of Am., N.A.; Gallagher v Bank of Am., N.A.; Robertson v Bank of Am., N.A.; Turnbull v Bank of Am., N.A.; Ulbrich v GMAC Mtge., LLC; Turner v American Home Mtge. Servicing, Inc.; and an investigation brought by the Missouri Department of Insurance, Financial Institutions and Professional Registration, to declare that defendants have no obligation to pay defense costs or losses in these matters, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.
Plaintiffs are a group of insurance companies who deal in lender-placed insurance, which is insurance a mortgage lender places on a property if the borrower fails to maintain sufficient homeowner insurance. Defendants are primary and excess insurance companies that issued professional liability policies to plaintiffs covering losses arising from claims for actual or alleged wrongful acts in rendering or failing to render professional services.
In more than 50 civil lawsuits filed throughout the country, plaintiffs are alleged to have charged excessive premiums and/or engaged in various types of misconduct in connection with their lender-placed insurance business. In addition, five states commenced investigations against plaintiffs (together with the lawsuits, "the underlying actions"). Plaintiffs provided notice of the underlying actions to defendants, and after defendants denied coverage, plaintiffs brought this action for breach of contract, anticipatory breach and declaratory relief.
Plaintiffs initially moved pre-discovery for partial summary judgment against Chartis and Illinois seeking payment of defense costs. The motion court denied the motion without prejudice [*2]pending further discovery. After discovery, plaintiffs moved for partial summary judgment in their favor, and all four defendants moved for summary judgment dismissing the complaint. The court denied plaintiffs' motion, and granted defendants' motions, concluding that plaintiffs' claims were barred by the Fee Arrangement Exclusion contained in the insurance policies.
The Fee Arrangement Exclusion states that "the Insurer shall not be liable to make any payment for loss and/or defense costs in connection with any claim made against any Insured alleging, arising out of, based upon or attributable to any allegations that any Insured . . . was a participant or connected in any way in the use of an agreement or other arrangement between an insurance broker or insurance agent and an insurance carrier involving the payment of increased fees, commissions or other compensation based on the volume, profitability or type of business referred to the insurance carrier" (emphasis added).
We agree with plaintiffs that the motion court construed the Fee Arrangement Exclusion too broadly. The motion court found the exclusion applicable because the underlying actions "all concern [plaintiffs'] problematic compensation system," and because "the propriety of [plaintiffs' lender-placed] insurance business was at issue." But the relevant question is not whether the underlying actions "concern" plaintiffs' compensation system generally, or whether they place plaintiffs' insurance business "at issue." Rather, the Fee Arrangement Exclusion applies only to claims alleging, or arising out of allegations, that plaintiffs were connected with the prohibited conduct specifically identified in the exclusion (i.e., an agreement between an insurance carrier and broker/agent involving payment of increased fees or commissions based on volume, profitability or type of business).
In order to determine whether there is coverage for each of the underlying actions, it is necessary to examine the complaints in the lawsuits as well as the documents related to the government investigations. It does not appear that the motion court conducted the thorough analysis required to determine whether the Fee Arrangement Exclusion bars coverage for each of the underlying actions. Nor do the briefs here contain the detail necessary for a proper analysis of the specific wording contained in the numerous complaints and investigation documents. Therefore, we remand the matter for the motion court, after input from counsel, to conduct a detailed analysis of the allegations contained in the underlying actions to determine whether coverage is barred under the Fee Arrangement Exclusion.
Plaintiffs contend that the Fee Arrangement Exclusion should be limited to agreements between insurance carriers and independent insurance agents and brokers. However, the exclusion does not say that (see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 682 [2017]).
The subject policies provide that the insurers "shall have the right, but not the duty, to assume the defense of any Claim made against the Insured." However, they also define "Loss" to include "Defense Costs," and obligate the insurers to pay "Loss[es]." Hence, if the underlying actions allege facts that potentially fall within the scope of the coverage, defendants have the obligation to pay plaintiffs' defense costs (see Federal Ins. Co. v Kozlowski, 18 AD3d 33, 40-41 [1st Dept 2005]), although they are "entitled to differentiate between covered and noncovered claims" (id. at 41; see also Lowy v Travelers Prop. & Cas. Co., 2000 WL 526702, *2 n1, 2000 US Dist LEXIS 5672, *6 n1 [SD NY May 2, 2000] ["there is no relevant difference between the allegations that trigger an insurer's duty to defend and the allegations that trigger an insurer's obligation to pay defense expenses"]).
Defendants are entitled to a declaration in their favor with respect to the Missouri investigation because that investigation was not a "Claim" within the meaning of the policies, since it merely sought information from plaintiffs.
Defendants are entitled to a declaration in their favor with respect to Turner, because that complaint did not allege any "Wrongful Act" of any insured; it made no specific allegations against QBE Insurance Corp.
Defendants are entitled to a declaration in their favor with respect to American Residential Equities, Bainum, Gallagher, Robertson, Turnbull and Ulbrich, because the only arguable Insured named therein is Balboa Insurance Co. or Balboa Insurance Services, Inc., and plaintiffs admitted that QBE Holdings, Inc. never owned (directly or indirectly) more than 50% [*3]of the stock of either Balboa entity. In opposition, plaintiffs rely on an email from and deposition testimony by a representative of Chartis. However, "as a general rule, estoppel cannot be used to create coverage where none exists" (Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 38 [1st Dept 2006]), and each insurer has "the right . . . to rely upon the terms of its own contract with its insured" (State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369, 373 [1985]).
Contrary to Zurich's contention, Tinsley involved a Claim against an Insured. Newport Management Corp. is an Insured, and a written demand for monetary relief is a Claim. The defendant in Tinsley made a written demand for indemnification to Newport.
To the extent Zurich argues that Burrhus, Christie, and Fitzgibbon did not involve allegations of Wrongful Acts, we reject this argument.
The motion court correctly found that plaintiffs' costs to respond to subpoenas in actions in which they were not sued do not constitute covered Defense Costs. The policies define "Defense Costs" as "reasonable and necessary fees, costs and expenses . . . resulting solely from the investigation, adjustment, defense and appeal of a Claim against the Insured which is covered under this policy" (emphasis added). Thus, plaintiffs' costs to respond to a subpoena in an action in which they were not sued did not result solely from their defense of an action in which they were sued.
The motion court decided the instant motions (apart from the issue of the subpoenas) based on the Fee Arrangement Exclusion and did not reach the parties' other arguments. We agree with plaintiffs and Chartis, Illinois and Lexington that, upon remand, the court should consider those arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 20, 2018
CLERK