20-214-cv (L)
*RLI Ins. Co. v. AST Engineering Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of January, two thousand twenty-two.

PRESENT:   DENNIS JACOBS,
                    REENA RAGGI,
                    WILLIAM J. NARDINI,
                              *Circuit Judges*.

_____

RLI INSURANCE COMPANY,

       *Plaintiff-Counter-Defendant-Appellant-Cross-Appellee*,

    v.                                                                 Nos. 20-214-cv (Lead)
                                                                                    20-596-cv (XAP)

AST ENGINEERING CORPORATION,

       *Defendant-Cross-Defendant-Counter-Claimant-Appellee-Cross-Appellant*,

SEA BREEZE GENERAL CONSTRUCTION, INC., J.V.C. GROUP N.Y. CORP.,

       *Defendants-Cross-Defendants-Appellees*,

CORAL CRYSTAL, LLC, MCARTHUR MORGAN LLC, PHILIBERT ENGINEERING, P.C., GRAD URBAN DESIGN INC.,

       *Defendants-Cross-Defendants*,

FEDERAL INSURANCE COMPANY, GRAD URBAN DESIGN

INC.,

*Defendants-Cross-Defendants-Cross-Claimants.*

_____

For Plaintiff-Counter-Defendant-Appellant-
Cross-Appellee
RLI Insurance Company:

Timothy E. Delahunt, Delahunt Law PLLC, Buffalo, NY.

For Defendant-Cross-Defendant-Counter-
Claimant-Appellee-Cross-Appellant
AST Engineering Corporation:

Robert S. Cosgrove, Durkin & Durkin LLC, West Caldwell, NJ.

For Defendant-Cross-Defendant-Appellee
Sea Breeze General Construction, Inc.:

Paul Kovner, Rubin Fiorella & Friedman LLP, New York, NY.

For Defendant-Cross-Defendant-Appellee
J.V.C. Group N.Y. Corp.:

Jerry A. Cuomo, Ladman Corsi Ballaine & Ford P.C., Newark, NJ.

On appeal from the United States District Court for the Southern District of New York (Denise L. Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

RLI Insurance Company ("RLI") appeals from the judgment of the district court, entered on December 23, 2019, denying its motion for summary judgment and request for leave to amend its complaint and granting AST Engineering Corporation's ("AST") motion for summary judgment. AST cross-appeals, challenging the district court's decision denying its request for

attorneys' fees. J.V.C. Group N.Y. Corp. ("JVC") and Sea Breeze General Construction, Inc. ("Sea Breeze") join in AST's brief. We assume the reader's familiarity with the record.[1]

RLI brought this action seeking a declaration that it had no obligation to defend AST in two underlying cases in which AST is named as a third-party defendant. The underlying cases relate to a construction project in New York City for which AST provided signed and sealed engineering drawings on October 28, 2012. After AST submitted an application for coverage on March 21, 2013, RLI issued AST a professional liability insurance policy that purports to cover claims made between March 22, 2013, and March 22, 2014, provided that the "Wrongful Act" alleged in the claim occurred after March 22, 2013. AST was named as a third-party defendant in the first underlying action on October 10, 2013, and notified RLI of the claim on October 28, 2013. RLI rejected AST's choice of counsel, retained other counsel, and defended AST for nearly three years before issuing a reservation of rights letter on September 21, 2016. RLI asserted that the suits were not covered by the policy because they related to a "Wrongful Act"—the engineering drawings—that predated the policy.[2] AST argues that RLI is estopped from denying coverage due to its delay in reserving its rights.

## I. Summary Judgment

On appeal, RLI argues that the district court erred in granting summary judgment in favor of AST because it incorrectly determined that New Jersey law applied to the parties' dispute. We disagree.

We review the grant of summary judgment and the district court's choice of law determination *de novo*. *See Spak v. Phillips*, 857 F.3d 458, 461 (2d Cir. 2017) (summary judgment); *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008) (choice of law).

The choice of law question is dispositive. Under New York law, an insurer that delays disclaiming coverage is estopped from later denying coverage only if "the insured suffers prejudice

---

[1] On December 22, 2021, we noted that the operative complaint in this case did not adequately invoke the district court's subject matter jurisdiction. In particular, the complaint failed to establish complete diversity between the parties as required by 28 U.S.C. § 1332(a)(1) because it did not allege the membership of two defendant limited liability companies—McArthur Morgan LLC and Coral Crystal LLC. *See* ECF No. 203. RLI responds that it has been unable to determine the membership of either entity and requests that the court dismiss both pursuant to Fed. R. Civ. P. 21. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989) (holding that a court of appeals may dismiss a dispensable nondiverse party under Fed. R. Civ. P. 21). All parties to this appeal consent to the dismissal, and we discern no prejudice to either entity subject to dismissal, both of which declined to litigate this action. Accordingly, we vacate the district court's entry of default judgment with respect to Coral Crystal LLC and its order approving the stipulation of dismissal with respect to McArthur Morgan LLC. We further dismiss RLI's complaint with respect to Coral Crystal LLC and McArthur Morgan LLC.

[2] AST was named as a third-party defendant in the second underlying action on October 5, 2016, in which JVC asserted identical claims against AST as in the first action, and RLI again retained counsel and defended AST. On November 23, 2016, RLI issued a supplemental reservation of rights, noting that it would defend AST in the second underlying action subject to the same reservation of rights previously issued.

3

as a result of that delay." *Bluestein & Sander v. Chi. Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002). "Prejudice is established only where the insurer's control of the defense is such that the character and strategy of the lawsuit can no longer be altered." *Federated Dep't Stores, Inc. v. Twin City Fire Ins. Co.*, 807 N.Y.S.2d 62, 68 (1st Dep't 2006). Under New Jersey law, by contrast, prejudice is presumed where the insured is deprived of complete control of its defense. *See Merchs. Indem. Corp. v. Eggleston*, 37 N.J. 114, 129 (1962). While the parties disagree about whether the "character and strategy of the lawsuit can no longer be altered," *Federated Dep't Stores*, 807 N.Y.S.2d at 68, they agree that AST was deprived of *complete* control of its defense. If New Jersey law applies, then, prejudice is presumed and RLI is estopped from disclaiming coverage, whereas no such presumption applies under New York law.

RLI asserts that New York law applies to the dispute because the underlying construction project was located in New York, the underlying litigations are ongoing in New York courts, and AST was purportedly engaging in work pursuant to its licensure to practice engineering in New York. AST asserts that New Jersey law applies primarily because it is domiciled in New Jersey. As a federal court sitting in diversity, we apply the choice-of-law rules of the forum state, here New York. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012). Under New York law, "[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) (citation omitted). As noted, and as the parties concede, such a conflict exists between the laws of New York and New Jersey on the pertinent issue.

New York employs the "center of gravity" or "grouping of contacts" approach to choice-of-law analysis in contract actions, pursuant to which the court applies "the law of the place which has the most significant contacts with the matter in dispute." *Auten v. Auten*, 308 N.Y. 155, 160 (1954) (internal quotation marks omitted); *accord Zurich Ins. Co. v. Shearson Lehman Hutton*, 84 N.Y.2d 309, 317 (1994). In the context of liability insurance contracts, courts in New York generally apply the law of "the jurisdiction which the parties understood was to be the principal location of the insured risk unless with respect to the particular issue, some other jurisdiction has a more significant relationship." *In re Liquidation of Midland Ins. Co.*, 16 N.Y.3d 536, 544 (2011) (cleaned up). Where the policy covers risks in two or more states, "the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk." *Id.* (quoting *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 822 N.Y.S.2d 30, 35 (1st Dep't 2006), *aff'd* 9 N.Y.3d 928 (2007)).

Here, the policy covers "Claim(s) arising from Professional Services rendered worldwide," Joint App'x 80, and defines "Professional Services" to include all services AST is "legally qualified" to perform, *id.* at 72. Thus, the location of the insured risk includes at least the states in which AST is licensed to practice: New York and New Jersey. Because the policy covers risks in at least two states, the district court correctly applied the domicile-as-proxy rule and concluded that the law of New Jersey applied to the dispute. *See Fireman's Fund Ins. Co. v. Great Am. Ins.*

4

*Co. of N.Y.*, 822 F.3d 620, 642 (2d Cir. 2016) (noting New York Appellate Divisions' repeated endorsement of insured's domicile as proxy for principal location of risk where insured risk arises in multiple states). As RLI concedes that it would be estopped from denying coverage under New Jersey law, we affirm the district court's decision granting summary judgment in favor of AST.

## II. Leave to Amend

RLI next contends that the district court erred in denying as futile its request for leave to amend its complaint to add a fraud claim. We generally review the denial of a motion to amend for abuse of discretion, but, where the denial is based on the futility of amendment, we review *de novo*. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). "Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when justice so requires, district courts may deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (cleaned up). In New Jersey, "'waiver,' rather than 'estoppel,' is the controlling doctrine" when an insurer raises a late "claim of misrepresentation or fraud in the inception of the coverage." *Eggleston*, 37 N.J. at 130. An insurer must act with "reasonable diligence" to investigate once it receives information suggesting fraud and must decide whether to nevertheless provide coverage "within a reasonable period." *Id.* at 131. RLI argues that it recently obtained an email showing that by March 11, 2013, AST had notice of one of the two underlying cases. But RLI had enough information to warrant investigation years before it was made aware of that email. Thus, we conclude, as the district court did, that RLI failed to exercise reasonable diligence in investigating AST's claim and has therefore waived its right to assert fraud in the inception of coverage.

## III. Attorneys' Fees

AST cross-appeals from the district court's decision denying its request for attorneys' fees under N.J. Ct. R. 4:42–9(a)(6).[3] We review the district court's denial of an application for attorneys' fees for abuse of discretion. *See Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 147 (2d Cir. 2014). The decision to award fees is governed by "equitable principles." *Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co.*, 206 N.J. 596, 619 (2011) (citation omitted).

---

[3]     AST's notice of cross-appeal was untimely. RLI filed its notice of appeal on January 14, 2020, and AST filed notice of cross-appeal on February 14, 2020—30 days later. Federal Rule of Appellate Procedure 4(a)(3) provides that "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within [the 30 days after entry of judgment prescribed by Rule 4(a)(1)(A)], whichever period ends later." Fed. R. App. P. 4(a)(3). Although some circuits treat this requirement as jurisdictional, *see Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 470 (3d Cir. 2017) (noting that the question of whether FRAP 4(a)(3) is jurisdictional "has divided the Courts of Appeals), we have held that it is "a rule of practice which is not jurisdictional and in appropriate circumstances may be disregarded." *Texport Oil Co. v. M/V Amolyntos*, 11 F.3d 361, 366 (2d Cir. 1993) (internal quotation marks and citation omitted), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 279 (1995). We consider AST's cross-appeal notwithstanding that it was filed late. *Cf. In re Johns-Manville Corp.*, 476 F.3d 118, 121, 124 (2d Cir. 2007) (noting that court is to enforce time limit "once it is properly invoked").

We discern no such abuse in the district court's refusal to award fees in light of evidence in the record that AST knew of and failed to disclose likely claims against it when it applied for insurance from RLI.

*    *    *

We have considered the parties' remaining arguments and conclude that they are without merit. The district court's orders entering default judgment against Coral Crystal LLC and approving the stipulation of dismissal with respect to McArthur Morgan LLC are **VACATED** and RLI's complaint is **DISMISSED** with respect to those parties. In all remaining respects, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6