Wesco Ins. Co. v Salvo (2022 NY Slip Op 05673)

Wesco Ins. Co. v Salvo

2022 NY Slip Op 05673

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 652442/20 Appeal No. 16382 Case No. 2021-04064 

[*1]Wesco Insurance Company, Plaintiff-Appellant,
v
Silvina Salvo, et al., Defendants-Respondents, Cheryl Keeling, Defendant.

Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for appellant.
Law Offices of Eric Dinnocenzo, New York (Eric Dinnocenzo of counsel), for Silvina Salvo, respondent.
Doyle & Broumand LLP, Bronx (Michael B. Doyle of counsel), for Chintan Trivedi, respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about October 8, 2021, which denied plaintiff's motion for summary judgment declaring that it had no duty to defend or indemnify defendants Silvina Salvo and Chintan Trivedi in an underlying defamation action, and granted Trivedi's cross motion to deny plaintiff's motion for summary judgment pursuant to CPLR 3212(f), unanimously reversed, on the law, without costs, plaintiff's motion granted and Trivedi's cross motion denied, and it is declared that plaintiff had no duty to defend or indemnify Salvo or Trivedi in the underlying action. The Clerk is directed to enter judgment accordingly.
Plaintiff established as a matter of law entitlement to its coverage defenses. It properly disclaimed coverage under the Commercial General Liability part of the policy, as the alleged defamatory statements were first published before the policy's effective date, and it had no obligation to provide coverage under the Directors and Officers Liability part of the policy, as the underlying matter fell within the scope of exclusions in the policy. Defendants' estoppel arguments are unavailing because the October 14, 2016 letter notified them of the bases upon which plaintiff could disclaim coverage, and defendants have not shown that they were prejudiced by plaintiff's defense of the underlying action (see 206-208 Main St. Assoc., Inc. v Arch Ins. Co., 106 AD3d 403, 406-407 [1st Dept 2013]; Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 37-39 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022