■ NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v. LAURENCE AUSTIN et al., Respondents.— In an action by an insurance company to declare that, by reason of the defendant Laurence Austin's breach of the "cooperation" clause contained in a liability policy which the company had issued to him, it is not obligated to defend a certain negligence action brought against him by his wife on behalf of herself and their two infant children (all of whom, as codefendants in the present action, counterclaimed for a declaration in their favor), the plaintiff insurer appeals from a judgment of the Supreme Court, Queens County, entered March 26, 1964 after a nonjury trial, upon the court's formal written decision, which: (a) dismissed the complaint; (b) granted the relief demanded by the defendants in their respective counterclaims; and (c) adjudged plaintiff to be obligated to defend the said negligence action. Judgment reversed on the law and the facts, without costs; and judgment directed in the plaintiff's favor, without costs, dismissing the defendants' counterclaims and declaring that plaintiff is not obligated under its policy of liability insurance theretofore issued to its insured, the defendant Laurence Austin, to defend him in a pending action against him by his wife and two infant children, or to pay any judgment which may be rendered against him in said action. The following findings of fact are reversed: Findings numbered 12, 13, 14, 16, 17, 18 and the second clause or portion of finding No. 19; and findings of fact contrary to such reversed findings are hereby made: The plaintiff, a licensed insurance carrier in this State, issued a "family" automobile liability policy to the defendant Laurence Austin for the period March 15, 1962 to March 15, 1963. Among other provisions, the policy contained the usual "cooperation" clause. On July 4, 1962, said defendant, while operating the insured automobile on the Bronx River Parkway, crashed into a light pole. As a result, his two minor sons, who were passengers, sustained personal injuries. In reporting the acci-

dent the said defendant admittedly made a statement, knowing it was a false-hood, to the effect that he had been cut off by an unknown vehicle and caused to swerve and strike the light pole. The fact was that he had fallen asleep at the wheel. Thereafter, his wife, Blanche Austin, brought an action against him on behalf of herself and their two children to recover damages resulting from personal injuries, alleging negligence on his part in having fallen asleep while driving. He forwarded the "suit papers" to plaintiff; and thereafter its representative took a statement from him, in which he referred to both versions of the accident. On November 2, 1962, pursuant to plaintiff's request, defendant appeared at the office of plaintiff's attorneys, and an oral deposition under oath was taken. In this deposition he stated that the version of the accident contained in his MV-104 form and that the prior statement he had made to plaintiff's representative were both false, and that in fact he had fallen asleep. Thereafter, on December 11, 1962, plaintiff notified him that it was disclaiming coverage for the accident by reason of his failure to co-operate in its investigation and defense. The requirement in the insurance policy to the effect that the insured shall co-operate in reporting the accident, is an essential term upon which the contract of insurance is conditioned (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271). The insured's conduct in giving false evidence was, as a matter of law, a breach of the condition requiring co-operation (*National Grange Mut. Lib. Co.* v. *Fino*, 13 A D 2d 10; *United States Fid. & Guar. Co.* v. *Von Bargen*, 7 A D 2d 872, affd. 7 N Y 2d 932). Under all the circumstances here, the stipulation entered into by the plaintiff preserving the insured's time to answer in the pending negligence action did not constitute a waiver by plaintiff of his admitted deception and false representations. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.