■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v DORIS FISHER, as Administratrix of the Estate of CALVIN J. FISHER, Deceased, et al., Appellants, et al., Defendants.—Judgment unanimously affirmed, without costs. Memorandum: Appellants are plaintiffs in wrongful death actions brought against defendants, seeking damages sustained as the result of a collision between the Shover vehicle and a motorcycle on which the plaintiffs' intestates were riding. Respondent is an insurance company. At the time of the accident, respondent insured defendant Shover's automobile. Immediately after the accident, Shover reported to respondent that at the time of the accident defendant Carbone had been driving the vehicle and that he, Shover, had been a passenger. The police report contained the same version. Approximately a year later, Shover was tried upon the same incident and convicted of driving while intoxicated. Respondent thereupon brought this action for a declaratory judgment permitting it to disclaim because Shover had breached the conditions of the policy by his non-co-operation and subsequently moved for summary judgment. Special Term granted its motion. It is established that an insured who falsely informs his insurer as to who was driving the insured vehicle at the time it is involved in an automobile accident breaches the co-operation clause of the insurance policy *(Seltzer v Indemnity Ins. Co.,* 252 NY 330; *National Grange Mut. Ins. Co. v Austin,* 23 AD2d 776; *National Grange Mut. Liab. Co. v Fino,* 13 AD2d 10; *United States Fid. & Guar. Co. v Von Bargen,* 7 AD2d 872, affd 7 NY2d 932). By reason of the criminal verdict, defendant Shover is estopped from denying that he was the driver *(Vavolizza v Krieger,* 33 NY2d 351; *S. T. Grand, Inc. v City of New York,* 32 NY2d 300), and the record establishes that he falsely reported this fact immediately after the accident. The proof is thus complete that he breached the non-co-operation clause of the insurance contract. Appellants, as plaintiffs in the wrongful death actions against the insured, are in no better position than the insured in maintaining the obligation of the insurer to respond in damages for the insured's negligence *(Seltzer v Indemnity Ins. Co., supra; Coleman v New Amsterdam Cas. Co.,*

247 NY 271) and Special Term properly granted summary judgment against them. (Appeal from judgment of Onondaga Supreme Court—declaratory judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.