■ FARMBREW REALTY CORP., Appellant, v TOWER INSURANCE COMPANY OF NEW YORK, Respondent. [734 NYS2d 592] —In an action for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff in several underlying personal injury actions pending in the Supreme Court, Queens County, arising out of the use of firearms on the plaintiff's premises on April 20, 1997, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated June 1, 2000, which granted the defendant's motion for summary judgment, denied its cross motion for summary judgment, and declared that the defendant has no duty to defend and indemnify the plaintiff in any claims or actions seeking damages for alleged bodily injuries arising from the incident involving the use of firearms that occurred at the plaintiff's premises on April 20, 1997.

Ordered that the order and judgment is affirmed, with costs.

The revised Firearms Exclusion in the plaintiff's insurance policy with the defendant, known as TOW FA-1, reads: "[i]t is understood that no coverage is afforded by this policy for any

injury, death, claims or actions occasioned directly or indirectly or as an incident to the discharge of firearms by person or persons on or about the insured premises." This firearms exclusion became effective with the policy renewal of July 2, 1996. There is no merit to the plaintiff's contention that this represented a reduction in coverage from the original firearms exclusion. That exclusion, known as TOW-A, reads: "[i]n consideration of any premium charged, it is understood and agreed that this policy does not apply to Bodily Injury and/or Property Damage arising out of the Ownership Rental, Maintenance, or Use of any Firearms." Both provisions clearly exclude any claim arising out of any use by anyone of any firearm or firearms (*see, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347). Since there was no reduction in coverage, there was no requirement that the defendant give any notice under Insurance Law § 3426 (*see, Cappelli v State Farm Mut. Auto. Ins. Co.*, 259 AD2d 581).

The plaintiff contends that the Supreme Court erred in finding that the delay in disclaiming from the time the defendant was first notified of the occurrence from the plaintiff's broker on April 21, 1997, until it sent its disclaimer letter dated June 18, 1997, was reasonable as a matter of law. This contention is without merit. Under the circumstances of this case, the delay was warranted by the defendant's need to investigate the occurrence, coupled with the inability of the defendant's investigator, through no fault of his own, to interview the plaintiff's principal and employees until May 13, 1997, and then write the report, which was sent June 2, 1997 (*see, Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, *affd* 50 NY2d 958). The subsequent delay in disclaiming was clearly needed to allow the defendant to receive, evaluate, and act upon the report. Thus, the delay in disclaiming was clearly reasonable as a matter of law (*see,* Insurance Law § 3420 [d]; *State Farm Mut. Auto. Ins. Co. v Daniels,* 269 AD2d 860; *Silk v City of New York,* 203 AD2d 103). Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.