AVONMARK INSURANCE COMPANY, Doing Business as WEST AMERICAN INSURANCE COMPANY, Respondent, v ALLSTATE

INSURANCE COMPANY, Appellant, et al., Defendants. (Appeal No. 1.) [741 NYS2d 640] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered June 29, 2001, which denied the motion of defendant Allstate Insurance Company seeking summary judgment (188 Misc 2d 867).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendant Allstate Insurance Company (Allstate) seeking summary judgment dismissing the complaint against it. Plaintiff's insured commenced an action seeking damages for injuries that he sustained when a vehicle owned by Allstate's insured rear-ended his vehicle. Plaintiff commenced this declaratory judgment action after Allstate disclaimed coverage for its insured. It is undisputed that Allstate's insured intentionally concealed and misrepresented material facts concerning the accident, thereby engaging in fraudulent conduct and breaching the covenant of cooperation in the policy (*see Government Empls. Ins. Co. v Fisher*, 54 AD2d 1087, 1087). The Allstate policy further provides, however, that Allstate "will provide coverage to such *insured* for damages sustained by any person who has not made fraudulent statements or engaged in fraudulent conduct if such damages result from an accident which is otherwise covered under this policy." The policy in *Government Empls. Ins. Co.* did not contain such a provision and thus, contrary to Allstate's contention, that case is distinguishable from this case. Allstate contends that the provision at issue is inapplicable because it withdrew its disclaimer based on fraud and is disclaiming based on noncooperation only. Fraudulent conduct, however, forms the basis for Allstate's disclaimer. The provision, the purpose of which is to protect innocent third parties, would be meaningless if it could be avoided by the wording of the disclaimer (*see County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628). We conclude that it applies when Allstate's insured engages in fraudulent conduct, regardless of whether Allstate chooses to specify that the basis for its disclaimer is noncooperation and not fraud. Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ. [*See* 188 Misc 2d 867.]