■ BENZENA JAMISON, Appellant, v REALOUS JAMISON et al., Defendants, and 96-98 BALTIC STREET, LLC, Respondent. [796 NYS2d 625]—

In an action, inter alia, to set aside a conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 18, 2004, which, in effect, converted the motion of the defendant 96-98 Baltic Street, LLC, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, to one for summary judgment, granted the motion, and cancelled the notice of pendency recorded against the property.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action, inter alia, to set aside a conveyance of real property from her brother, the defendant Realous Jamison, to the defendant 96-98 Baltic Street, LLC (hereinafter the respondent), alleging that, although the property was titled in her brother's name, she and her brother had an agreement pursuant to which he held title to the property in name only, and she was the beneficial owner. The respondent made a pre-answer motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. Both the respondent in support of the motion, and the plaintiff in opposition to the motion, made factual assertions and evidentiary submissions, rather than confining themselves to the issue of whether the complaint stated a valid cause of action against the respondent. The court, in effect, converted the motion to one for summary judgment, and granted the motion. The plaintiff appeals.

The court properly, in effect, converted the motion to dismiss to one for summary judgment because both parties made "it unequivocally clear that they [were] laying bare their proof and deliberately charting a summary judgment course" (*Four Seasons Hotels Ltd. v Vinnik*, 127 AD2d 310, 320 [1987]). Furthermore, the court properly granted the motion since the respondent established that it was a bona fide purchaser, and the plaintiff failed to submit sufficient evidence to raise a triable issue of fact as to whether the respondent had actual notice of her alleged interest in the premises, or knowledge of facts that would lead a reasonably prudent purchaser to make inquiry (*cf., Berger v Polizzotto*, 148 AD2d 651 [1989]). Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.