■ SIRIUS AMERICA INSURANCE COMPANY et al., Respondents, v TGC CONSTRUCTION CORP. et al., Appellants, et al., Defendants. [830 NYS2d 773]—

In an action, inter alia, for a judgment declaring that the plaintiffs have no obligation to defend or indemnify the defendants TGC Construction Corporation and Giovanni Culotta, also known as John Culotta, in an underlying action entitled *Matthius v Platinum Estates*, pending in the Supreme Court, Richmond County, under index No. 13353/02, the defendants TGC Construction Corporation and Giovanni Culotta, also known as John Culotta, appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Vitaliano, J.), dated September 30, 2005, which granted the plaintiffs' motion for summary judgment and declared that the plaintiffs have no duty to defend and indemnify the defendants TGC Construction Corporation and Giovanni Culotta, also known as John Culotta, in the underlying action and denied their cross motion for summary judgment declaring that the plaintiffs must defend and indemnify them in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

On March 8, 2002 Robert Matthius sustained personal

injuries while employed by a subcontractor at a construction site on Staten Island. In October 2002 Matthius commenced the underlying personal injury action to recover damages against, among others, TGC Construction Corp. (hereinafter TGC). The plaintiff Sirius America Insurance Company, TGC's insurance carrier, and its liability claims examiner, the plaintiff UTC Risk Management Services, Inc. (hereinafter collectively Sirius), first became aware of Matthius's accident on October 29, 2002 when TGC sent it a copy of the complaint in the underlying action. During a November 5, 2002 meeting, TGC's sole shareholder, the defendant Giovanni Culotta, also known as John Culotta, stated that TGC was not involved with the site, and for that reason and without reserving its right to disclaim coverage, Sirius agreed to defend and indemnify TGC in the underlying action. Sirius subsequently learned that a TGC sign was at the site, and pursuant to further inquiry, on April 29, 2003, Culotta signed a statement confirming that TGC was not involved with the project. As part of the discovery in the underlying action, Culotta was deposed on July 22, 2004 during which he testified, inter alia, that pursuant to a December 2001 verbal agreement with the developer of the construction site, of which he was one of two shareholders, TGC became the site's project manager, responsible for, among other things, hiring and supervising the general contractor and the subcontractors. Culotta also testified that he had learned of Matthius's accident on the date it had occurred. On August 13, 2004 Sirius learned of Culotta's above deposition testimony. By letter dated September 1, 2004, Sirius informed TGC that it was disclaiming coverage because TGC breached the insurance policy's cooperation clause (§ IV [2] [c] [3]) by making repeated misrepresentations about its role at the site, and for untimely notice of the occurrence. Sirius then commenced the instant litigation.

Under the circumstances, Sirius established that it was entitled to judgment as a matter of law that it has no duty to defend and indemnify TGC in the underlying action. Because the grounds upon which Sirius denied coverage for untimely notice of the occurrence were not readily apparent to it until August 13, 2004 (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]), Sirius demonstrated that its disclaimer was timely (*see* Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]). Further, Sirius established that TGC repeatedly misrepresented its role as the site's project manager for at least 1½ years, thereby breaching the insurance policy's cooperation clause (§ IV [2] [c] [3]) (*see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*, 28 AD3d 32, 37 [2006]; *Matter of Allstate Ins. Co. v Rico*, 28 AD3d 353

[2006]; *Avonmark Ins. Co. v Allstate Ins. Co.*, 294 AD2d 941, 942 [2002]; *Lewis v Nationwide Mut. Ins. Co.*, 202 AD2d 816, 817-818 [1994]).

In opposition, TGC failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.