[835 NYS2d 32]

ACE PACKING CO., INC., Respondent-Appellant, v CAMPBELL SOL-
BERG ASSOCIATES, INC., Respondent-Appellant, and UTICA
FIRST INSURANCE COMPANY, Appellant-Respondent, et al.,
Defendant.

First Department, April 10, 2007

---

### APPEARANCES OF COUNSEL

*Farber Brocks & Zane, LLP*, Mineola (*Audra S. Zane* and *Braden H. Farber* of counsel), for Utica First Insurance Company, appellant-respondent.

*Hubell & Associates*, New York City (*Richard A. Hubell* of counsel), for Ace Packing Co., Inc., respondent-appellant.

*Lustig & Brown, LLP*, New York City (*Ellen Nimaroff* of counsel), for Campbell Solberg Associates, Inc., respondent-appellant.

### OPINION OF THE COURT

KAVANAGH, J.

Defendant insurer Utica First disclaimed coverage, claiming that plaintiff insured failed to satisfy the requirements of the governing insurance policy by providing timely notice of the claim to the insurer. Supreme Court found that the insurer's disclaimer was untimely as a matter of law, concluding that the grounds for disclaiming were readily apparent to the insurer based upon the documents submitted, and thus the insurer had no need to investigate the insured's delay in providing notice of the claim. The court's conclusion that there was no need for the insurer to conduct an investigation before determining whether to disclaim, and that the 38-day delay—which was in large measure not of the insurer's making—was unreasonable as a matter of law, must be reversed.

Without question, an insurer is obligated, under Insurance Law § 3420 (d) to disclaim coverage without delay when the grounds for disclaiming are readily apparent based upon the documents delivered to the insurer. Citing prior cases from this Court (*2833 Third Ave. Realty Assoc. v Marcus*, 12 AD3d 329 [2004]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002], *lv denied* 98 NY2d 605 [2002]), plaintiff suggests that when an insurer disclaims solely upon an insured's failure to provide timely notice of an underlying claim, the insurer is required to disclaim immediately upon learning of the delay, and that any attempt by the insurer to investigate the circumstances behind the delay is unnecessary and unreasonable as a matter of law. In my view, such a position carries with it draconian, and I believe unintended, consequences.

Here, the issue could not be more clearly drawn: did the insurer need to investigate to determine if in fact it had the right under its policy to disclaim any liability when it first learned of the accident and the subsequent litigation? The facts as they relate to this issue are not in dispute. The underlying accident occurred on December 19, 2001. The first notice plaintiff had that a lawsuit would be commenced came in the form of a notice of claim it received from an attorney on December 26, 2002. Another notice followed on January 24, 2003, and thereafter, plaintiff received a copy of the verified complaint filed in the underlying personal injury action. All of these documents were forwarded at some point to a representative of Campbell Solberg.[1] The insurer was not notified about either the accident or the underlying claim until June 7, 2004. Upon receiving that notification, the insurer immediately retained an adjuster to investigate the claim, and more importantly, the issue regarding late notice. The adjuster sought to interview plaintiff about the circumstances surrounding the accident and what plaintiff did when it first received notice of the claim and the resulting lawsuit. Plaintiff refused to cooperate with the adjuster and persisted in that refusal for 30 days.[2] Only after being reminded of its obligation under the policy to cooperate in such an inquiry did it relent, and on July 7, 2004, for the first time, plaintiff provided crucial information to the adjuster regarding the accident and what it did when it learned of the lawsuit. Upon receipt of this information, the adjuster promptly completed its investigation, and eight days later filed its final report with the insurer with appropriate findings. On that same date, July 15, 2004, the insurer notified plaintiff in writing that it was disclaiming any obligation under the policy to provide coverage.

The timeliness of an insurer's disclaimer is measured from the date it first receives information that would disqualify the claim (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054 [1991]). Here, the operative date is June 7, 2004, and the questions that must be asked are: (1) what did the insurer know on that date about the accident and the resulting claim, and (2) did

---

**1.** Campbell Solberg is an independent broker that placed plaintiff's liability policy with the insurer. All agree that Campbell is not the insurer's agent (*see generally Brown v Poritzky*, 30 NY2d 289 [1972]).

**2.** Plaintiff refused to sign a form agreeing that the insurer, by conducting this investigation, was not waiving any rights it might otherwise have with regard to its legal obligation to provide coverage under the policy.

that information make it readily apparent at that time that it had the right to disclaim coverage under the policy?

On June 7, 2004, the insurer knew that an accident had occurred and that two years later a lawsuit was commenced. It did not know on that date when plaintiff first learned of either the accident or the lawsuit, facts essential to the insurer in determining whether to disclaim. More importantly, it did not know what plaintiff did with that information when it was received, and could not have known if plaintiff would subsequently claim that it had ever notified the insurer about either event. Only an investigation of the type ordered by the insurer would yield answers to those questions, answers which the insurer needed in order to make a good faith decision regarding disclaimer.[3] The fact that this inquiry took 38 days instead of eight days to complete was due entirely to plaintiff's refusal to cooperate with the adjuster in its investigation (*see Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.,* 289 AD2d 284 [2001], *lv denied* 98 NY2d 601 [2002]; *Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi,* 121 AD2d 276 [1986], *lv denied* 68 NY2d 611 [1986]).

In short, merely because the insurer knew on June 7, 2004 that the claim involved an accident that occurred on December 19, 2001 did not make it "readily apparent" that it had the right to disclaim coverage. It needed to know more, and its investigation provided the additional information that was required for the insurer in good faith to disclaim coverage under this policy. Furthermore, the insurer's decision to conduct an investigation on those facts was imminently reasonable, and no one involved in this litigation has claimed that it did so to gain a tactical advantage or had in any way acted in bad faith. In fact, if any party to this transaction was guilty of unreasonable conduct, it was the insured; its refusal to honor its contractual obligation and cooperate in the adjuster's inquiry was the primary reason why it took more than a month to complete this investigation.

Finally, the position advocated by plaintiff would simply invite insurers to adopt a policy to "disclaim now and investigate lat-

---

3. The adjuster, in its report, informed the insurer that plaintiff knew of the accident at or about the time it happened, but did not report it because the party involved did not appear to be injured. Only a year later, when it received letters from the party's attorney notifying it that a claim would be made, did plaintiff contact its insurance broker, an employee of Campbell. Plaintiff never notified the insurer or its designated agent about either the claim or the lawsuit.

er." Such an approach cannot be said to be in anyone's interest, and if implemented would only serve to promote uncertainty and anxiety amongst insureds.

Accordingly, the order of Supreme Court, New York County (Walter B. Tolub, J.), entered August 15, 2006, which, inter alia, granted plaintiff's motion and defendant Campbell Solberg's cross motion for summary judgment to the extent of declaring that defendant Utica First is obligated to defend and indemnify plaintiff in the underlying action, should be modified, on the law, plaintiff's motion and defendant Campbell Solberg's cross motion for summary judgment denied in their entirety, the proceeding remanded to Supreme Court for a de novo determination of defendant Utica's motion for summary judgment, and otherwise affirmed, without costs.

TOM, J.P., SAXE, SWEENY and MALONE, JJ., concur.

Order, Supreme Court, New York County, entered August 15, 2006, modified, on the law, plaintiff's motion and defendant Campbell Solberg's cross motion for summary judgment denied in their entirety, the proceeding remanded to Supreme Court for a de novo determination of defendant Utica's motion for summary judgment, and otherwise affirmed, without costs.