■ HERMITAGE INSURANCE COMPANY, Appellant-Respondent, v ARM-ING, INC., et al., Respondents-Appellants, et al., Defendant. [847 NYS2d 628]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Arm-ing, Inc., and Roseann Caceres in an underlying action entitled *Santiago v Caceres*, pending in the Supreme Court, Kings County, under index No. 36451/05, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered June 5, 2006, as, in effect, denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the defendants Arm-ing, Inc., and Roseann Caceres in the underlying action, and the defendants Arm-ing, Inc., and Roseann Caceres cross-appeal, as limited by their brief, from so much of the same order as, in effect, denied their cross motion for summary judgment declaring that the plaintiff is obligated to defend and indemnify them in the underlying action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

An insurer waives its affirmative defense of late notice if it fails to disclaim coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d]) after it "first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *Reyes v Diamond State Ins. Co.*, 35 AD3d 830, 831 [2006], *lv denied* 9 NY3d 814 [2007]; *New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447, 448 [2004]). Here, the delay of two months, occasioned by the insurer's need to investigate the claim to determine when its insureds received notice of the accident, was reasonable under the circumstances (*see Halloway v State Farm Ins. Cos.*, 23 AD3d 617, 618 [2005]; *Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.*, 289 AD2d 284, 285 [2001]; *Silk v City of New York*, 203 AD2d 103, 103-104 [1994]). Thus, the plaintiff made out a prima facie case that its denial of coverage was timely (*see Halloway v State Farm Ins. Cos.*, 23 AD3d at 618; *Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.*, 289 AD2d at 285; *Silk v City of New York*, 203 AD2d at 104).

In opposition, however, the defendants Arm-ing, Inc., and Roseann Caceres raised a triable issue of fact as to whether they notified the plaintiff of the claim as soon as practicable, as required by the relevant insurance contract. The reasonableness of "a good-faith belief of nonliability" is a matter ordinarily left for determination by the finder of fact (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Morris Park Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 763 [2006]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655, 656 [2005]; *see also 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 11, 13 [1971], *affd* 30 NY2d 726 [1972]). Accordingly, the Supreme Court properly, in effect, denied the motion and cross motion for summary judgment. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.