■ In the Matter of GMAC INSURANCE COMPANY, Appellant, v ROCKIE JONES, JR., Respondent. NOVA CASUALTY COMPANY,

Proposed Additional Respondent, et al., Proposed Additional Respondent. [877 NYS2d 572]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 13, 2008 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, denied in part the petition seeking, inter alia, a permanent stay of arbitration of respondent's claim for uninsured motorist benefits.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking, inter alia, a permanent stay of arbitration of a claim by respondent for uninsured motorist (UM) coverage. Respondent was injured on July 3, 2006 when the vehicle he was operating collided with a vehicle owned by "proposed additional respondent" Jesse Willoughby. At that time, respondent was insured by petitioner with UM coverage of $25,000 per person, and Willoughby was insured by "proposed additional respondent" Nova Casualty Company (Nova). Nova, however, did not learn of the accident until January 8, 2008, when it received a letter from respondent's attorney concerning the accident. On January 14, 2008, Nova sent a letter to Willoughby indicating that there was a "coverage question" based on his "failure to report an accident and cooperate in the investigation." The letter further stated that Nova would continue to handle the claim but that it reserved its right to disclaim coverage. Thereafter, Nova attempted to locate Willoughby to allow him to explain his failure to notify Nova of the claim. Nova's efforts included sending a letter to Willoughby's last known address, which was returned as undeliverable; calling Willoughby at several of his last known telephone numbers; calling Willoughby's sister, who stated that she had not had contact with Willoughby since April 2007; calling Willoughby's neighbors at Willoughby's known addresses; physically attempt-

ing to contact Willoughby at four known addresses; sending letters to Willoughby at his sister's address; attempting to obtain a copy of the police report from the accident; and corresponding with respondent's attorney in an attempt to obtain additional information concerning Willoughby. Despite those efforts, Nova never received a response from Willoughby, and it disclaimed coverage on February 21, 2008. Respondent then requested UM arbitration with petitioner, alleging that Willoughby's vehicle was an "uninsured vehicle" pursuant to the terms of respondent's policy.

Petitioner contends that Supreme Court erred in denying those parts of the petition seeking a permanent stay of arbitration and a "framed issue hearing regarding the issue of coverage on the offending vehicle" because Nova failed to meet its burden of establishing that it validly disclaimed coverage for Willoughby. We reject that contention. We conclude that Nova established as a matter of law that its disclaimer of coverage was valid, based on the 18-month delay between the date of the accident and the date on which Nova received notice of the claim (*see generally Doe Fund, Inc. v Royal Indem. Co.*, 34 AD3d 399 [2006]).

Contrary to petitioner's further contention, the delay of 44 days between the date on which Nova received notice of the claim and the date on which it notified Willoughby of the disclaimer did not render its disclaimer of coverage untimely. It is well settled that, "[i]n order to effectively disclaim liability or deny coverage . . . under an automobile liability insurance policy, an insurer must 'give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage'" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979], *rearg denied* 47 NY2d 951 [1979]). "[A]n insurer's explanation [for a delay in notifying the insured of a disclaimer] is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]). "However, an insurer's delay in notifying the insured of a disclaimer may be excused when the insurer conducts an 'investigation into issues affecting [its] decision whether to disclaim coverage' . . . In that case, the burden is on the insurer to demonstrate that its delay was reasonably related to its completion of a thorough and diligent investigation" (*Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152-1153 [2007], quoting *First Fin. Ins. Co.*, 1 NY3d at 69).

We conclude that Nova's efforts constituted an "investigation into issues affecting [Nova's] decision whether to disclaim cover-

age" (*First Fin. Ins. Co.*, 1 NY3d at 69; *see generally Tully Constr. Co., Inc.*, 43 AD3d at 1153; *Sirius Am. Ins. Co. v TGC Constr. Corp.*, 37 AD3d 818, 819 [2007]). Nova therefore established a reasonable excuse for the delay as a matter of law, and there was no reason to conduct a "framed issue hearing" with respect to Nova's disclaimer. The fact that Nova knew on January 8, 2008 that the claim involved an accident that occurred on July 3, 2006 "did not make it 'readily apparent' that it had the right to disclaim coverage" (*Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc.*, 41 AD3d 12, 15 [2007]). "Only an investigation of the type ordered by [Nova] would yield [information that it] needed in order to make a good faith decision regarding disclaimer" (*id.*; *see Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi*, 121 AD2d 276, 278 [1986], *lv denied* 68 NY2d 611 [1986]). Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.