UTICA FIRST INSURANCE COMPANY, Respondent, v ROBERT SANTAGATA et al., Appellants, et al., Defendants. [888 NYS2d 94]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants Glenn Foote, Glenn Foote, doing business as Mr. Metal, Mr. Metal, Mr. Metal Company, Inc., Robert Santagata, Stephen Santagata, and Denise Hopkins Santagata in an underlying personal injury action entitled *Kelly v Santagata et al.,* pending in the Supreme Court, Ulster County, under index No. 3425/05, or in connection with the construction accident which occurred on July 1, 2005, involving the defendant Arthur Kelly, the defendant Arthur Kelly appeals from (1) an order of the Supreme Court, Orange County (Owen, J.), dated April 3, 2008, which granted the plaintiff's motion, which was opposed by him, for summary judgment against the defendants Robert Santagata, Stephen Santagata, and Denise Hopkins Santagata, and for leave to enter a default judgment against the defendants Glenn Foote, Glenn Foote, doing business as Mr. Metal, Mr. Metal, and Mister Metal Company, Inc., and denied the cross motion of the defendants Robert Santagata, Stephen Santagata, and Denise Hopkins Santagata, in which the defendant Arthur Kelly joined, for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendants Robert Santagata, Stephen Santagata, and Denise Hopkins Santagata in the underlying action, and (2) a judgment of the same court dated June 4, 2008, which, upon the order, declared that the plaintiff has no obligation to defend or indemnify the defendants Glenn Foote, Glenn Foote, doing business as Mr. Metal, Mr. Metal, Mr. Metal Company, Inc., Robert Santagata, Stephen Santagata, and Denise Hopkins Santagata in the underlying action, or in connection with the construction accident which occurred on July 1, 2005 involving the defendant Arthur Kelly, and the defendants Robert Santagata, Stephen Santagata, and Denise Hopkins Santagata separately appeal, as limited by their brief, from so much of (1) the order dated April 3, 2008, as granted that branch of the plaintiff's motion which was for summary judgment against them, and denied their cross motion for summary judgment, and (2) the judgment dated June 4, 2008, as, upon the order, declared that the plaintiff has no obligation to defend or indemnify them in the underlying action or in connection with the construction accident which occurred on July 1, 2005, involving the defendant Arthur Kelly.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the appellants appearing separately and filing separate briefs.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly found that the plaintiff insurer's delay in issuing a disclaimer, which was occasioned by the insurer's need to investigate the claim to determine the relationship among the parties and when its insureds received notice of the accident, was reasonable under the circumstances (*see Hermitage Ins. Co. v Arm-ing, Inc.,* 46 AD3d 620, 621 [2007]; *Halloway v State Farm Ins. Cos.,* 23 AD3d 617, 618 [2005]; *Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.,* 289 AD2d 284, 285 [2001]; *cf. Continental Cas. Co. v Stradford,* 11 NY3d 443, 449 [2008]).

Contrary to the appellants' assertion, the employee exclusion in the subject insurance policy, which excludes coverage in cases of bodily injury to an employee of the insured or an employee of a contractor hired by the insured if it occurs in the course of employment, does not violate public policy (*cf. Moleon v Kreisler Borg Florman Gen. Constr. Co.,* 304 AD2d 337, 340 [2003]). ''[W]hen statutes and Insurance Department regulations are silent, [courts] are reluctant to inhibit freedom of contract by finding insurance policy clauses violative of public policy'' (*Slayko v Security Mut. Ins. Co.,* 98 NY2d 289, 295 [2002]). There is no statutory requirement for commercial liability coverage which would prohibit insurers from limiting their contractual liability in the manner done so here (*cf. Slayko v Security Mut. Ins. Co.,* 98 NY2d at 295; *Joseph R. Loring & Assoc. v Continental Cas. Co.,* 56 NY2d 848, 850 [1982]; *Miller v Continental Ins. Co.,* 40 NY2d 675, 679 [1976]).

Finally, the Supreme Court properly found that the plaintiff was entitled to a default judgment against the defendants Glenn Foote, Glenn Foote, doing business as Mr. Metal, Mr. Metal, and Mister Metal Company, Inc., because, in addition to their having defaulted, the plaintiff established that it was entitled to a judgment declaring that it had no obligation to defend or indemnify those defendants inasmuch as they failed to provide timely no-

tice of the accident, and the employee exclusion precluded coverage for the injuries allegedly sustained by the defendant Arthur Kelly (*cf. New York Mut. Underwriters v Baumgartner,* 19 AD3d 1137, 1141 [2005]; *Merchants Ins. Co. of N.H. v Long Is. Pet Cemetery,* 206 AD2d 827, 828 [1994]; *Levy v Blue Cross & Blue Shield of Greater N.Y.,* 124 AD2d 900, 901 [1986]). Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.