■ Joseph Huguens, Plaintiff, v Village of Spring Valley et al., Defendants, and Caribreeze Vegetarian Restaurant, Defendant/Third-Party Plaintiff-Appellant. National Fire Insurance of Hartford, Third-Party Defendant-Respondent. [919 NYS2d 367]—

The third-party defendant made a prima facie showing of its entitlement to judgment as a matter of law, and the defendant/third-party plaintiff failed to raise a triable issue of fact in opposition. Contrary to the contention of the defendant/third-party plaintiff, the delay of the third-party defendant in issuing the disclaimer of coverage in this case was not unreasonable. The third-party defendant presented ample evidence demonstrating, as a matter of law, that the delay was reasonably related to a prompt, diligent, and necessary investigation it conducted into the question of whether the third-party plaintiff unduly and inexcusably delayed in providing it with notice of the lawsuit, in violation of the applicable insurance policy (see Magistro v Buttered Bagel, Inc., 79 AD3d 822, 825 [2010]; Matter of GMAC Ins. Co. v Jones, 61 AD3d 1358, 1360-1361 [2009]; Tully Constr. Co., Inc. v TIG Ins. Co., 43 AD3d 1150, 1153 [2007]; Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc., 41 AD3d 12, 14 [2007]). Since the third-party defendant promptly disclaimed coverage on the ground of late notice only eight days after the conclusion of its investigation, the Supreme Court properly determined that the disclaimer was valid (see Tully Constr. Co., Inc. v TIG Ins. Co., 43 AD3d at 1153; Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc., 41 AD3d at 14). Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.