■ CITY OF NEW YORK et al., Appellants, v GREENWICH INSURANCE COMPANY et al., Respondents. [945 NYS2d 83]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 19, 2011, which denied plaintiffs' cross motion for summary judgment declaring that defendant has a duty to defend and indemnify plaintiffs, and denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the cross motion and declare that

defendant insurer has a duty to defend and indemnify plaintiffs in the underlying personal injury action, and otherwise affirmed, without costs.

Under Insurance Law § 3420 (d) (2), an insurer wishing to deny coverage for death or bodily injury must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage." "When an insurer fails to do so, it is precluded from disclaiming coverage based upon late notice, even where the insured has in the first instance failed to provide the insurer with timely notice of the accident" (*Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404, 408-409 [2010]). Although the timeliness of such a disclaimer generally presents a question of fact, where the basis for the disclaimer was, or should have been, readily apparent before the onset of the delay, any explanation by the insurer for its delay will be insufficient as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]).

Even assuming that some investigation was necessary, as plaintiffs' May 17, 2007 notice of claim letter contained only the date of loss and did not indicate when plaintiffs first learned of the subject accident, Greenwich's investigation did not even begin until June 21, 2007, more than 31 days after receipt of the May 17, 2007 letter, and continued for approximately five and one half months. Despite the fact that the dates on which plaintiffs responded to Greenwich are disputed, insurers have a duty to "expedite" the disclaimer process (*First Fin. Ins. Co.*, 1 NY3d at 68), and Greenwich does not explain, given the facts made known by Temco's May 17, 2007 submission, "why anything beyond a cursory investigation" was necessary to determine whether plaintiffs had timely notified it of the claim (*Hunter Roberts Constr. Group*, 75 AD3d at 409). Accordingly, the 5½-month delay in disclaiming on this ground was unreasonable as a matter of law. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 31008(U).]**