■ In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Respondent, v JOSE R. RAMIREZ, Appellant. [961 NYS2d 511]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, Jose R. Ramirez appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), dated January 11, 2012, as granted the petition and denied that branch of his motion which was to dismiss the proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and that branch of the motion which was to dismiss the proceeding is granted.

Contrary to the contention of Country-Wide Insurance Company (hereinafter Country-Wide) and the determination of the Supreme Court, Country-Wide's petition to stay arbitration of the subject supplementary uninsured motorist benefits claim should have been denied on the ground that its written disclaimer of coverage was untimely and invalid as a matter of law (*see* Insurance Law § 3420 [d] [2]). It is undisputed that Jose R. Ramirez gave notice of the accident and claim to Country-Wide in a letter dated June 14, 2011, and that Country-Wide did not issue its disclaimer until August 15, 2011. While an insurer's time to give written notice of disclaimer "is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003] [internal quotation marks omitted]; *see Fish King Enters. v Countrywide Ins. Co.*, 88 AD3d 639, 641 [2011]; *Matter of American Express Prop. Cas. Co. v Vinci*, 18 AD3d 655 [2005]), the record demonstrates that the facts supporting the disclaimer in this case were either apparent from the claim documents submitted by Ramirez or were readily ascertainable upon the performance of a cursory investigation by Country-Wide (*see City of New York v Greenwich Ins. Co.*, 95 AD3d 732, 733 [2012]). Therefore, even if some investigation was warranted in this matter, the burden was on Country-Wide to demonstrate that the two-month delay in disclaiming was reasonably related to its performance of a prompt, diligent, thorough, and necessary investigation (*see e.g. Magistro v Buttered Bagel, Inc.*, 79 AD3d 822, 824 [2010]). Since Country-Wide merely made a conclusory statement that the delay was occasioned by its investigation, and provided no details with regard to the specific efforts undertaken in conducting that investigation, it failed to sustain its burden of demonstrating that the delay was excusable, and the disclaimer was untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 70; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979]; *City of*

*New York v Greenwich Ins. Co.*, 95 AD3d at 733; *Matter of New York Cent. Mut. Fire Ins. Co. v Ramirez*, 76 AD3d 1078, 1079 [2010]; *New York City Hous. Auth. v Underwriters at Lloyd's, London*, 61 AD3d 726, 727 [2009]; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661, 662 [2007]).

In view of the foregoing, we do not reach the remaining contentions raised by Ramirez. Mastro, J.P., Austin, Roman and Cohen, JJ., concur. **[Prior Case History: 34 Misc 3d 1209(A), 2012 NY Slip Op 50021(U).]**