■ IMPERIUM INSURANCE COMPANY, as Subrogee of 438 East 117th Street LLC, Appellant, v UTICA FIRST INSURANCE COMPANY, Respondent. [10 NYS3d 898]—In an action pursuant to New York Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated February 25, 2014, which, in effect, converted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint into a motion for summary judgment dismissing the complaint, and thereupon granted the motion.

Ordered that the order is affirmed, with costs.

The Supreme Court properly, in effect, converted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint into a motion for summary judgment dismissing the complaint, as both parties made it "unequivocally clear that they were laying bare their proof and deliberately charting a summary judgment course" (*Jamison v Jamison*, 18 AD3d 710, 711 [2005] [brackets and internal quotation marks omitted]; *see Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258 [2012]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310 [1987]).

Upon converting the motion into one for summary judgment dismissing the complaint, the Supreme Court properly granted the motion. The defendant insurer established, prima facie, that it provided written notice of disclaimer of coverage to the plaintiff in a reasonable time. The defendant sufficiently demonstrated that its delay was reasonably related to a prompt, diligent, and necessary investigation to determine the relationship of the parties in the underlying action and whether an employee exclusion in the relevant insurance policy excluded coverage (*see Magistro v Buttered Bagel, Inc.*, 79 AD3d 822, 824-825 [2010]; *Utica First Ins. Co. v Santagata*, 66 AD3d 876, 878 [2009]). The defendant's three-day delay in sending its no-

tice of disclaimer after the completion of its investigation was not unreasonable (*see Huguens v Village of Spring Val.*, 82 AD3d 1159 [2011]; *2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282, 284 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.