■ NEIGHBORHOOD PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Appellant, v EVEREST NATIONAL INSURANCE COMPANY, Respondent/Third-Party Plaintiff-Respondent. MT. HAWLEY INSURANCE COMPANY, Third-Party Defendant-Appellant. [58 NYS3d 356]—

Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered May 27, 2016, to the extent it granted defendant's motion for summary judgment declaring that it has no obligation to defend or indemnify plaintiff in the underlying personal injury action, and so declared, and denied plaintiff's and third-party defendant's cross motions for summary judgment, unanimously affirmed, with costs.

Notification to defendant of the underlying accident ap-

proximately four months after plaintiff learned of the accident does not comply with the requirement of the insurance policy that defendant be notified of an occurrence "as soon as practicable"; it constitutes late notice as a matter of law (*see e.g. Peerless Ins. Co. v Nationwide Ins. Co.*, 12 AD2d 602 [1st Dept 1960]). Even if plaintiff and nonparty Enterprise Capital Partners were distinct entities, Enterprise's knowledge of the underlying accident, which occurred in August 2007, is imputed to plaintiff. Plaintiff had no employees of its own, but paid the salaries of Enterprise employees who worked on its behalf. One of these employees was present at the August 30, 2007 construction meeting at which the underlying injury was reported; another's written statement said that he was a principal of plaintiff. Yet, defendant did not receive notice of the occurrence and claim until December 28, 2007.

Defendant's disclaimer of coverage on the ground of late notice was reasonable and timely. It was issued to plaintiff on January 29, 2008, two weeks after defendant received the written statement in connection with its investigation (*see Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc.*, 41 AD3d 12, 15 [1st Dept 2007]). The disclaimer also was sufficiently specific in its explanation, stating, "Coverage is denied based upon your violation of the notice provisions and conditions of the policy since the loss was not reported to [defendant] as soon as practicable" (*see Paul M. Maintenance, Inc. v Transcontinental Ins. Co.*, 300 AD2d 209, 212 [1st Dept 2002]). Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.