City Univ. of N.Y. v Utica First Ins. Co. (2022 NY Slip Op 07293)

City Univ. of N.Y. v Utica First Ins. Co.

2022 NY Slip Op 07293

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, JJ. 

Index No. 656930/19 Appeal No. 16961 Case No. 2022-02309 

[*1]City University of New York et al., Plaintiffs-Appellants,
v
Utica First Insurance Company, Defendant-Respondent.

Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellants.
Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for respondent.

Order, Supreme Court, New York County (Erika Edwards, J.), entered January 3, 2022, which denied plaintiffs' motion for summary judgment declaring that defendant Utica First Insurance Company is required to defend and indemnify plaintiffs in an underlying action on a primary and noncontributory basis, and for a judgment in their favor for defense costs incurred, unanimously affirmed, with costs.
Plaintiffs commenced this action seeking a declaration that Utica, which had issued an insurance policy to nonparty AIM Builders Corp., was required to defend and indemnify them as additional insureds on AIM's policy on a primary and noncontributory basis, in an action against them commenced by an employee of AIM. Plaintiff Stalco Construction Inc.'s primary insurer has assumed plaintiffs' defense in the underlying action. Stalco's insurer, Travelers Indemnity Company, originally tendered coverage to Utica in December 2015, but Utica denied coverage in March 2016 citing, among other things, an employee exclusion contained in AIM's policy. Plaintiffs contend that Utica's denial of coverage based on its employee exclusion was untimely, and that Utica is therefore estopped from denying coverage pursuant to Insurance Law § 3420(d)(2).
As a preliminary matter, Utica's contention that Travelers is the only real party in interest in this action is unavailing. We find that plaintiffs have standing to pursue their claims, as there has been no settlement of the underlying action paid by Travelers within its policy limits (see Harco Constr., LLC v First Mercury Ins. Co., 190 AD3d 831, 833 [2d Dept 2021]; Greater N.Y. Mut. Ins. Co. v Chubb Indem. Ins. Co., 105 AD3d 523, 525 [1st Dept 2013]; George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 118-119 [1st Dept 2012]).
Nevertheless, we find that the court properly denied plaintiffs' motion for summary judgment. While Insurance Law § 3420(d)(2) requires that an insurer provide written notice of a denial of coverage as soon as reasonably possible, the timeliness of such a disclaimer generally presents a question of fact unless "the basis for denying coverage was or should have been readily apparent before the onset of the delay" (First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 69 [2003]; see also City of New York v Greenwich Ins. Co., 95 AD3d 732, 733 [1st Dept 2012]). In the original tender letter, Travelers represented to Utica that the individual injured was an employee of AIM and had been working on a masonry wall when he fell. But no complaint had been filed and provided to Utica for its review, and no other evidence was submitted to Utica substantiating that he was an employee injured during the course of his employment. Contrary to plaintiffs' contention, the application of Utica's employee exclusion was not readily apparent, such that no investigation by Utica into the relationship between the parties and whether the exclusion would apply would have been warranted (see [*2]Imperium Ins. Co. v Utica First Ins. Co., 130 AD3d 574, 574-575 [2d Dept 2015], lv denied 26 NY3d 918 [2016]; see also Netherlands Ins. Co. v United Specialty Ins. Co., 276 F Supp 3d 94, 108 [SD NY 2017]; cf. Squires v Marini Bldrs., 293 AD2d 808, 810 [3d Dept 2002], lv denied 99 NY2d 502 [2002] [insurer unreasonably delayed in disclaiming based on employee exclusion where the notice letter included a complaint and copy of the subcontract, and those documents "unambiguously provided" the information necessary]). In opposition to plaintiffs' motion, Utica submitted evidence sufficient to raise factual issues as to the reasonableness of its delay in denying coverage.
We have considered plaintiffs' remaining arguments, including their argument that Utica never denied coverage as to City University of New York, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022